1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10

11  EDWARD P.,[1]                        Case No. 5:19-cv-01794-MAA
12                 Plaintiff,
13        v.                             **MEMORANDUM DECISION AND
                                         ORDER AFFIRMING DECISION OF
14                                       THE COMMISSIONER**
15  ANDREW M. SAUL,
    Commissioner of Social Security,
16
                   Defendant.
17
18
19        On September 18, 2019, Plaintiff filed a Complaint seeking review of the
20  Social Security Commissioner's partially favorable decision granting in part his
21  application for Supplemental Security Income pursuant to Title XVI of the Social
22  Security Act.  This matter is fully briefed and ready for decision.  For the reasons
23  discussed below, the Commissioner's decision is affirmed, and this action is
24  dismissed with prejudice.
25

---

26  [1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil
27  Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
    Administration and Case Management of the Judicial Conference of the United
28  States.

**PROCEDURAL HISTORY**

On June 15, 2015, Plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning on November 4, 2014. (Administrative Record [AR] 27, 77, 90.)  Plaintiff alleged disability due to "[l]ower back fracture, neck, and hip."  (AR 67, 79.)  After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 27, 109-11.)  At a hearing held on July 16, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 47-66.)

In a decision issued on July 31, 2018, the ALJ issued a partially favorable decision.  (AR 27-41.)  The ALJ found that Plaintiff was disabled for the period beginning on November 4, 2014 through November 18, 2015, but was no longer disabled beginning on November 19, 2015 through the date of the ALJ's decision on July 31, 2018.  (*Id*.)

For the period of disability from November 4, 2014 through November 18, 2015, the ALJ made the following findings pursuant to the Commissioner's evaluation of disability.  (AR 30-35.)  Plaintiff had not engaged in substantial gainful activity since his disability onset date of November 4, 2014.  (AR 30.)  He had severe impairments consisting of "status post motor vehicle accident with L1 compression fracture status post kyphoplasty; C6 vertebral body avulsion; bilateral pelvic fractures; right lateral orbital fracture; and lumbar, cervical, and thoracic problems/pain/radiculopathy (20 CFR 416.920(c))."  (*Id*.)  He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 31-32.)  He had a residual functional capacity for light work with several additional limitations.  (AR 32.)  Plaintiff had no past relevant work. (AR 34.)  He could not perform any other work in the national economy.  (AR 34-35.)  Thus, Plaintiff was disabled for that period.  (AR 35.)

For his finding of non-disability beginning on November 19, 2015 to the date of his decision on July 31, 2018, the ALJ made the following findings pursuant to the Commissioner's evaluation of continuing disability.  (AR 35-40.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 35-36.)  Medical improvement had occurred as of November 19, 2015.  (AR 36.)  The medical improvement was related to the ability to work because there had been an increase in Plaintiff's residual functional capacity.  (AR 37.)  Plaintiff had a residual functional capacity for light work with several additional limitations in standing, walking, postural activities, and environmental exposure.  (AR 37.)  Plaintiff had no past relevant work.  (AR 39.)  However, beginning on November 19, 2015, Plaintiff was able to perform other work in the national economy, in the light occupations of ticket seller, information clerk, marker, as well as in the sedentary occupations of foundation maker, eye glass polisher, and painter.  (AR 40.)  Thus, the ALJ found that Plaintiff's disability had ended on November 19, 2015 and that he did not become disabled again since that date.  (AR 41.)

On August 8, 2019, the Appeals Council denied Plaintiff's request for review.  (AR 1-4.)  Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUE

The parties' disputed issue is whether the ALJ properly considered Plaintiff's testimony.  (ECF No. 23, Parties' Joint Stipulation ["Joint Stip."] at 6.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by

substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

**A.    Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom allegations. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id*.; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the

claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on July 31, 2018, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic, and the new rule is consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

**B.    Background.**

On November 4, 2014, Plaintiff was hit by a vehicle while he was riding a bicycle without a helmet. (AR 550.) He suffered injuries to the forehead, right lateral orbit, pelvis, and several places along the spine. (AR 452, 454-55, 457-60.) Plaintiff required two hospitalizations. (AR 514-15). Magnetic resonance imaging showed abnormalities of the cervical, thoracic, and lumbar spine. (AR 689-99.) After the hospitalizations, Plaintiff underwent treatments for back pain that included physical therapy (AR 660), a TENS unit (AR 687), kyphoplasty (AR 639-42), and epidural steroid injections (AR 739-44).

At the July 2018 administrative hearing, Plaintiff testified as follows about his functioning since the time of the accident to the time of the hearing:

He can sit in a car only "for so long until [his] back starts really acting up." (AR 54.)  He turns his neck "a little bit slower than I used to."  (*Id*.)  He bends his hip more "slowly" than before.  (*Id*.)  He also has a "forget[s] a lot" of things.  (*Id*.)

He can stand for 30 minutes to an hour at a time before needing to sit down. (AR 54-55.)  He can sit for 30 minutes to an hour at a time, but perhaps for less time if he is sitting in a car with deep seats.  (AR 55.)  Lifting anything weighing between 20 to 50 pounds would be too heavy for him.  (AR 56.)  He needs to lie down 5 to 10 times per day, for 15 to 30 minutes at a time.  (*Id*.)

## C.   Analysis.

The ALJ found that Plaintiff was disabled for the period from November 4, 2014 through November 18, 2015.  (AR 35.)  For the period beginning on November 19, 2015, the ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms.  (AR 37.)  However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (*Id*.)  As support, the ALJ stated four reasons not to credit Plaintiff's subjective symptom allegations about his limitations beginning on November 19, 2015.  (AR 38.)  The Court considers each reason in turn.

### 1.   Inconsistency with physical therapy notes.

The ALJ first found that Plaintiff's allegations of disabling limitations that would preclude all basic work activities were inconsistent with Plaintiff's prior statements to physical therapists indicating improvement.  (AR 38.)  In particular, the ALJ cited a November 2015 therapy note that stated Plaintiff "felt he was improving and demonstrated improved flexibility" (AR 736, 738) and a January 2016 therapy note in which Plaintiff "reported to his physical therapist that he was

1    able to perform his typical activities of daily living and home exercise program

2    without limitation" (AR 726).  (AR 38.)

3        One of the factors that an ALJ may considering in weighing a claimant's

4    subjective symptom testimony is inconsistencies between that testimony and the

5    claimant's statements to others.  *See Morgan v. Commissioner of Social Sec.*

6    *Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999).  Here, the ALJ cited substantial

7    evidence from Plaintiff's prior statements to his physical therapists that were

8    inconsistent with Plaintiff's later hearing testimony that his symptoms were

9    disabling and precluded all basic work activities.  Plaintiff's statement to the

10   therapists that his flexibility had improved and that he could perform his typical

11   activities of daily living and home exercise program without limitation

12   demonstrated a clear and convincing inconsistency with his hearing testimony that

13   he had trouble with several aspects of functioning such as turning his neck,

14   bending, standing, walking, sitting, and lifting.

15       Plaintiff argues that such improvement with treatment does not mean that he

16   can function effectively in a workplace.  (Joint Stip. at 12-13.)  The ALJ, however,

17   was not required to find that the physical therapy notes conclusively demonstrated

18   Plaintiff's ability to function effectively in a workplace.  It was sufficient for the

19   ALJ to find that Plaintiff's statements to his physical therapists were inconsistent

20   with his later testimony claiming disabling limitations.  *See Valentine v.*

21   *Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) ("The ALJ

22   recognized that this evidence did not suggest [the claimant] could return to his old

23   job . . , but she thought it did suggest that [the claimant's] later claims about the

24   severity of his limitations were exaggerated.").  The inconsistency by itself was a

25   clear and convincing reason to reject Plaintiff's subjective symptom testimony.

26       Plaintiff further argues that the ALJ mischaracterized the evidence of his

27   daily activities.  (Joint Stip. at 13-14.)  The Court perceives no mischaracterization.

28   Plaintiff reported to his physical therapists that he was able to perform his typical

activities of daily living and home exercise program without limitation.  (AR 726.)
The ALJ accurately characterized this report and reasonably found it was
inconsistent with Plaintiff's hearing testimony that he was significantly limited in
several basic areas of physical functioning.  (AR 38.)

Plaintiff further argues that, in finding the inconsistency, the ALJ committed
legal error by failing to connect any specific portions of Plaintiff's testimony to the
relevant parts of the record.  (Joint Stip. at 16.)  An ALJ "must identify what
testimony is not credible and what evidence undermines the claimant's complaints."
*Brown-Hunter*, 806 F.3d at 493.  The ALJ complied with this standard.  The ALJ
first identified Plaintiff's testimony about disabling limitations precluding all work
limitations, specifically, Plaintiff's testimony about suffering limitations in several
basic areas of physical functioning (AR 37), and then identified the physical
therapy notes that undermined that testimony (AR 38).  Given this analysis, the
ALJ did not commit reversible legal error by failing to explain his reasoning with
requisite specificity.  Rather, the ALJ's "path may be reasonably be discerned."
*See Brown-Hunter*, 806 F.3d at 492.


### 2.    Inconsistency with other portions of Plaintiff's hearing testimony.

The ALJ next found that Plaintiff's allegations of disabling limitations that
would preclude all basic work activities were inconsistent with his own hearing
testimony that he experienced "some improvement following his surgeries,
referring to an L1 kyphoplasty in August 2015 and lumbar epidural steroid
injections in December 2015."  (AR 38.)

One of the factors that an ALJ may considering in weighing a claimant's
subjective symptom testimony is "any inconsistent statements in [his] testimony."
*See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Fair v.
Bowen*, 885 F.2d 597, 602, 604 n.5 (9th Cir. 1989)).  Here, the portion of the
hearing testimony apparently referenced by the ALJ as evidence of improvement

1  consisted of Plaintiff's testimony that his surgeries "did help out my back

2  somewhat but I still have back issues." (AR 53-54.) Later, Plaintiff similarly

3  testified that, after the kyphoplasty, "it helped, it helped quite a bit, but after that

4  like I didn't think, I truly believed that it wasn't going to get any better than that. I

5  mean because there was days to where like I'd be in tears." (AR 57-58.)

6       Unlike the other inconsistency identified from the physical therapy notes, the

7  particular inconsistency identified here from Plaintiff's own hearing testimony

8  about improvement from treatment was not a valid reason to reject his testimony

9  about disabling limitations. Plaintiff's own hearing testimony about improvement

10 was more vague than the physical therapy notes about what the improvement

11 enabled him to do and, thus, did not clearly demonstrate an inconsistency with his

12 overall testimony about disabling limitations. Plaintiff's vague hearing testimony

13 that, despite improvement, his pain still leaves him "in tears" was not clearly

14 inconsistent with his overall allegations that he has disabling limitations that would

15 preclude all basic work activities. Thus, this was not a clear and convincing reason

16 to reject Plaintiff's subjective symptom testimony. For the reasons discussed

17 elsewhere in this opinion, however, the error was harmless because the ALJ stated

18 other valid reasons to reject Plaintiff's testimony. *See Carmickle v. Commissioner,*

19 *Social Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

20

21       **3.     Inconsistency with orthopedic examination findings.**

22       The ALJ next found that a November 2015 orthopedic examination "was

23 mostly normal." (AR 38.) An ALJ may reject a claimant's subjective symptom

24 allegations because it is inconsistent with objective medical evidence, as long as it

25 is not the sole reason. *See Rollins v. Massanari*, 261 F.3d at 853, 857 (9th Cir.

26 2001) ("While subjective pain testimony cannot be rejected on the sole ground that

27 it is not fully corroborated by objective medical evidence, the medical evidence is

28 still a relevant factor in determining the severity of the claimant's pain and its

1    disabling effects.”); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)

2    (“Although lack of medical evidence cannot form the sole basis for discounting

3    pain testimony, it is a factor that the ALJ can consider in his credibility analysis.”).

4    As used here, “objective medical evidence” consists of evidence “that provides

5    signs or laboratory findings.”  *See* SSR 16-3P, 2017 WL 5180304, at *3; *see also*

6    20 C.F.R. § 416.929(a) (2011).  More specifically, “signs” are defined as

7    abnormalities that can be shown by “medically acceptable clinical diagnostic

8    techniques.”  *See* 20 C.F.R. § 416.928(b) (2006).

9         During Plaintiff’s orthopedic examination, which the ALJ accurately

10   summarized as “mostly normal,” the examining physician recorded the following

11   objective signs: full range of motion in the neck, no tenderness on palpation of the

12   thoracic spine, mild tenderness with no paravertebral spasm of the lumbar spine,

13   normal range of motion of the thoracic and lumbar spine, the ability to heel and toe

14   walk, negative straight leg raise tests, no tenderness on palpation of the hips, and

15   full and painless range of motion of the hips.  (AR 36-37 (citing AR 704-05).)

16        The ALJ was entitled to consider these mostly normal signs from Plaintiff’s

17   orthopedic examination as a factor, among others, in rejecting Plaintiff’s testimony

18   that he has trouble with physical functioning such as turning his neck and bending

19   at the hip.  *See Burch*, 400 F.3d at 681; *see also Tidwell v. Apfel*, 161 F.3d 599, 602

20   (9th Cir. 1998) (holding that an ALJ properly rejected a claimant’s testimony in

21   part because tests of her back were normal).  Because the ALJ’s finding from the

22   objective medical evidence was supported by substantial objective evidence in the

23   record, it was a clear and convincing reason to reject Plaintiff’s testimony.

24

25        **4.     Lack of treatment after 2016.**

26        Finally, the ALJ found it “[m]ost revealing” that, according to Plaintiff’s own

27   testimony and the medical record, Plaintiff had received no treatment, including

28   pain medication, after 2016.  (AR 38.)  The ALJ found that Plaintiff’s “lack of

treatment for such a lengthy period, two years, is inconsistent with allegations of significant limitations from pain and other symptoms." (*Id*.)

In general, a claimant's pain testimony can be called into doubt by "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *See Fair*, 885 F.2d at 603. Here, however, Plaintiff waived any challenge to the ALJ's finding in this regard by failing to argue it in his brief. Accordingly, the Court does not address the merits of the finding. *See Carmickle*, 533 F.3d at 1161 n.2 ("We do not address this finding because [the claimant] failed to argue this issue with any specificity in his briefing.") (citation omitted); *see also Ford v. Saul*, 950 F.3d 1141, 1158 n.12 (9th Cir. 2020) (claimant forfeits an argument that was not raised before the district court) (citation omitted).

**D.   Conclusion.**

The ALJ stated one reason that was not a clear and convincing reason based on substantial evidence to reject Plaintiff's subjective symptom testimony. This error was harmless because the ALJ otherwise stated two valid reasons for his assessment. Moreover, Plaintiff waived his challenge to the ALJ's final reason for his assessment. In sum, the ALJ's rejection of Plaintiff's subjective symptom testimony does not warrant reversal.

**ORDER**

It is ordered that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED:  December 03, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

11